

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
JAN 07 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-4 |
| SEAN PAUL CONLEY-REIFER | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy C. Wiegand, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession of Material Depicting the Sexual Exploitation of a Minor<br>On or about January 5, 2019 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |
| Two | Possession of Material Depicting the Sexual Exploitation of a Minor<br>On or about July 31, 2019 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

A.  As to Counts 1 and 2:

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

    Title 18, United States Code, Section 2252(a)(4)(B).

2.  That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

    Title 18, United States Code, Section 2252(a)(4)(B).

3.  That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

    Title 18, United States Code, Section 2252(a)(4)(B).

4.  That the images involved prepubescent minors or minors who have not attained 12 years of age.

## III. PENALTIES

A.  **As to Counts 1 and 2: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1.  Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not

attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2. A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of at least 5 years, and up to life (18 U.S.C. §3583(k)).

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One and Two, pursuant to 18 U.S.C. § 3014(a), an additional special assessment of $5,000.00 must be imposed as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code.

Further, with respect to Counts One and Two, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A,

3664, and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Christy C. Wiegand*
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
MA ID No. 647903

4