IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Nos. 20-04 |
| | ) | 21-470 |
| SEAN PAUL CONLEY-REIFER | ) | |

**MOTION TO PROVIDE NOTICE OF
EVIDENCE THAT THE GOVERNMENT INTENDS TO USE
UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 609**

Skylar Conley-Reifer f/k/a Sean Paul Conley-Reifer, by her attorney, Assistant Federal Public Defender Gabrielle Lee, files this Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, and respectfully moves this Honorable Court, pursuant to Rules 104 and 404(b), as amended, of the Federal Rules of Evidence, for an Order compelling the government to provide Ms. Conley-Reifer with a statement containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct other than those specified in the Indictment that the government will attempt to prove at trial, and the purpose for which the government will seek to admit such evidence. Ms. Conley-Reifer also requests notice of the offenses with which the government would like to use to impeach him if he were to testify at trial. Ms. Conley-Reifer requests the notice be provided at least 30-days prior to trial. In support thereof, Ms. Conley-Reifer states:

1. Ms. Conley-Reifer was arraigned on January 9, 2020, on an Indictment alleging violations of 18 U.S.C. §2252(a)(4)(B) and 18 U.S.C. §2252(b)(2).

2. Ms. Conley-Reifer will be unable to effectively prepare for trial if he is not provided with a written list of any and all alleged prior bad acts and/or criminal convictions that the government intends to seek to enter into evidence in its case-in-chief and with which the government would attempt to impeach Ms. Conley-Reifer on cross examination if he were to exercise her constitutionally guaranteed right to testify, or which the government intends to use as rebuttal evidence.

3. If the government intends to offer evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, Ms. Conley-Reifer will need adequate notice in time to investigate and prepare his defense to such evidence and in order to meaningfully assert his constitutional rights to due process, confrontation, compulsory process and the effective assistance of counsel.

4. Ms. Conley-Reifer requests a pretrial hearing to determine the admissibility of any of the evidence that the government intends to offer pursuant to Rule 404(b) and Rule 609, in its case-in-chief and/or on cross-examination if Ms. Conley-Reifer exercises his constitutionally guaranteed right to testify or in rebuttal.

## CITATION TO LEGAL AUTHORITY

5. Federal Rule of Evidence 404(b) provides that the prosecution must provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> (b) **Other crimes, wrongs, or acts**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular

> occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has fair opportunity to meet it; articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and do so in writing before trial - or in any form during the trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

6. As the Advisory Committee's Note explains, the 1991 Amendment to Rule 404(b) has placed a duty upon the government to provide a defendant with pretrial notice of its intent to introduce into evidence any evidence pursuant to Rule 404(b):

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions). The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion.
>
> . . . The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for

> impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed. R. Evid. 404 advisory committee's note.

7. Rule 404(b) was amended again, in order to "impose additional notice requirements on the prosecution in criminal cases. Fed. R. Evid. 404 advisory committee's note (2020). In particular, the Rule was amended to require the government to (1) provide a detailed explanation for the non-propensity basis for seeking to offer other-act evidence, (2) to provide the notice in writing, (3) to provide the notice in advance of trial "as to allow the defendant a fair opportunity to meet the evidence," and (4) to eliminate the requirement that the defendant specifically require the notice. *Id.* On a whole, the 2020 amendments imposed a higher burden on the government in terms of both identifying the proposed evidence and its basis for admissibility, as well as giving the defendant adequate notice to respond.

8. Courts have insisted upon the importance of reasonable notice in this context. The availability of 404(b) evidence to the prosecution bears on a determination of reasonable notice; "the notice requirement's purpose of reducing surprise is not served by allowing mere negligence to excuse a prosecutor's failure to give notice." *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (citations and quotations omitted). "To protect defendants from 'trial by ambush,'

the Government should be charged with the knowledge of 404(b) evidence that a timely and reasonable preparation for trial would have revealed." *Id.*

9. "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) (*citing Perez-Tosta*, 36 F.3d at 1561). The government risks exclusion of 404(b) evidence from a trial if it does not provide timely notice. *Id.* at 1153; *United States v. Blount*, 502 F.3d 674, 677 (7th Cir. 2007) ("Without notice, 404(b) evidence is inadmissible."); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1241 (10th Cir. 1996); *United States v. Gasparik*, 141 F. Supp.2d. 361, 368 n.4 (S.D.N.Y. 2001) (holding that government's failure to provide timely notice of 404(b) evidence makes such evidence inadmissible as "fundamentally unfair" to defendant).

10. Apart from timeliness, the admissibility of the evidence itself must be determined by the court under the standards for admission of evidence under Rules 402, 403 and 404(b) of the Federal Rules of Evidence. *United States v. Huddleston*, 485 U.S. 681, 686 (1988); *see also United States v. Daraio*, 445 F.3d 253, 263-64 (3d Cir. 2006)(holding that prior bad act evidence, in order to be admissible, must still be relevant, have a proper purpose under Rule 404(b), and have probative value that outweighs its prejudicial effect). The district court is vested with this task. "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]" Fed. R. Evid. 104(a).

11. It is crucial, however, that a court make this admissibility determination prior to trial. "Because rule 404(b) evidence has the potential to

unduly prejudice the defendant's case, the court should rule on the admissibility of such evidence prior to trial whenever possible." *United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir. 1997). An order requiring the government to provide sufficiently advance notice of its intent to offer such evidence provides the court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence. *See United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence).

12. In criminal cases, as in all jury cases, "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c). Since a ruling under Rule 404(b) is a ruling on admissibility, an offer of evidence under the rule will require a hearing outside the presence of the jury. *See id.*; *see also United States v. Ceballos*, 593 F. Supp.2d 1054, 1059 (S.D. Iowa 2009) ("[A] jury has no right to hear inadmissible evidence." (*citing Taylor v. Illinois*, 484 U.S. 400, 410 (1988))).

13. Moreover, if any of the evidence that the government seeks to introduce requires the testimony of the defendant in order for the court to determine the relevancy and admissibility of the evidence, the admissibility hearing

must be conducted outside the presence of the jury under Rule 104(c) of the Federal Rules of Evidence. *See* Fed. R. Evid. 104(c) ("Hearings on the admissibility of confessions shall in all cases be conducted outside the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness and so requests.").

14.     The relief requested by this Motion will permit the defense to raise any objections to problematic evidence prior to trial, thus contributing substantially to minimizing interruptions at trial, to judicial and jury economy, and to the effective, fair and expeditious administration of justice generally.  To that end, the government should be required to provide notice of its intention to use, and produce, Rule 404(b) evidence well in advance of trial. *United States v. Vilar*, 530 F. Supp. 2d 616, 641 (S.D.N.Y. 2008).

15.     As a general matter, reasonable notice under Rule 404(b) is determined by "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 461-62 (W.D. Pa. 2016). In a ruling decided after the amendment to Rule 404(b), the Middle District of Pennsylvania ordered that Rule 404(b) notice be provided at least 30-days in advance of trial. *United States v. Coles*, 2021 WL 65992, *20 (M.D. Pa. Jan. 7, 2021) (citing *Johnson*, 218 F. Supp. 461-62).

WHEREFORE, Ms. Conley-Reifer respectfully moves this Honorable Court to order the government to produce all evidence of prior bad acts that the government intends to use in its case-in-chief, on cross examination, or rebuttal at least 30-days

in advance of trial and respectfully requests that the Court hold a pretrial hearing on the admissibility of such evidence.

                                          Respectfully submitted,

                                          ***/s/ Gabrielle Lee***
                                          Gabrielle Lee
                                          Assistant Federal Public Defender