IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Nos. 20-04 |
| | ) | 21-470 |
| SEAN PAUL CONLEY-REIFER | ) | |

## MOTION FOR DISCOVERY

Skylar Conley-Reifer f/k/a Sean Paul Conley-Reifer, through her counsel, Assistant Federal Public Defender, Gabrielle Lee, respectfully files this motion asking the Court to order the government to provide her with information that is favorable to the defense within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. Illinois*, 360 U.S. 264 (1959), and *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). In support, counsel states:

**A. Specific Request or Discovery Under Rule 16.**

The government produced discovery pursuant to Federal Rule of Criminal Procedure 16. Within this discovery, the government produced a Federal Bureau of Investigation Electronic Communication labeled: 305I0PG-3109296 Serial 6. This document provides that "On 14 May 2019, AT&T fully responded to an administrative subpoena request for phone number []. AT&T provided subscriber, voice/call detail records, services used, IP logs and payment information." The report referenced four enclosures containing the "Full AT&T Admin Subpoena Return." This information was not produced in discovery.

On May 31, 2022 undersigned counsel requested a copy of the IP logs received in response to the AT&T subpoena. The government responded on June 1, 2022 and advised that "[a]t that time ATT Mobility did not maintain IP logs for specific subscribers, just the included connectivity details. The IP logs do not exist." This is not consistent with the report produced in discovery.

Undersigned counsel respectfully requests this Court enter an order requiring the government to produce the "Full AT&T Admin Subpoena Return" including, any documents relating to IP logs.

## B. General Requests for Exculpatory and Impeachment Evidence

Under *Brady v. Maryland*, *supra*, the government has an affirmative duty to produce any evidence favorable to the defendant that is material to either guilt or punishment. *See United States v. Bagley*, 473 U.S. 667, 674-75 (1985) (stating the prosecution is required "to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Both exculpatory information and evidence that can be used to impeach the prosecution's witnesses are considered "favorable" under *Brady* and must be disclosed by the government. *Id.* at 676-77; *see also Giglio, supra*, 405 U.S. at 154-55. Further, impeachment evidence must be provided to the defense in time to make "effective use" of it. *United States v. Starusko*, 729 F.2d 256, 261, 263 (3d Cir. 1984).

The Third Circuit has reaffirmed the government's continuing obligation under *Brady* and said, "All favorable material ought to be disclosed by the prosecution." *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 293 (3d Cir. 2016). In

*Dennis*, the government withheld a piece of evidence that left the defense "powerless" to impeach the Commonwealth's false testimony. *Id.* at 293-94. Any information favorable to the defendant, relevant at trial or at sentencing should have been disclosed long ago. In an abundance of caution, Ms. Conley-Reifer requests it again it here. Of course, the government's duty to disclose under *Brady* "reaches beyond evidence in the prosecutor's actual possession" to evidence in the prosecution team's constructive possession.[1]

The prosecution must produce not only favorable evidence that is admissible, but also all evidence "that is likely to lead to favorable evidence that would be admissible." *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1198-99 (C.D. Cal. 1999)). As with Rule 16 disclosure, *Brady* obligations must be interpreted broadly. "Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure." *United States v. Safavian*, 233 F.R.D. 12, 17 (D.D.C. Cir. 2005) (insufficient for government to provide "niggling excuses" for its failure to provide potentially exculpatory evidence). And, in some respects, the *Brady* disclosure obligation is broader than Rule 16 because it requires

---

[1] The "prosecution team" includes federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant. U.S. Dep't of Justice, *Justice Manual*, 9-5.001(B)(2) (2010), *available at* https://www.justice.gov/usam/usam-9-5000-issues-related-trials-and-other-courtproceedings. The Manual further provides, "This search duty also extends to information prosecutors are required to disclose under Federal Rules of Criminal Procedure 16 and 26.2 and the Jencks Act." *Id.* at 9-5.002.

production not just of documents, but also of *information* known to prosecutors that is not contained in documentary evidence.

More generally, Ms. Conley-Reifer seeks disclosure of evidence in any form which tends to detract from the credibility or probative value of testimony or evidence intended to be used by the prosecution. *See Kyles v. Whitley*, 115 S.Ct. 1555, 1568, 1569-73 (1995) (finding failure to disclose inconsistent eyewitness and informant statements to be due process violation); *United States v. Minsky*, 963 F.2d 870, 874-75 (6th Cir. 1992) (finding failure to disclose polygraph results and FBI 302s that impeached a government witness reversible *Brady* error). This request includes any document that mentions the existence of a witness who "might have undermined a government witness' credibility," as well as any information about any accusations or investigations of the government witnesses that would tend to undermine his or her credibility. *Minsky, supra*, 963 F.2d at 75.

Ms. Conley-Reifer seeks disclosure of any and all evidence that shows, or tends to show, bias or prejudice against him by any witness, or reflecting a motive or interest to testify against the defendant, or in favor of the government. *See Brady, supra*, and *Giglio, supra. See also Schledwitz v. United States*, 169 F.3d 1003, 1014-15 (6th Cir. 1999) (finding *Brady* obligation for government to reveal witness portrayed as neutral and disinterested expert actually had investigated defendant for years); *United States v. O'Connor*, 64 F.3d 355, 359-60 (8th Cir. 1995) (finding failure to disclose threats by one government witness against another and attempts by that same government witness to influence testimony of another government witness is

*Brady*). This request is material to the defense as it aids in preparing to cross-examine potential witnesses about their biases or motives against Ms. Conley-Reifer by exposing their motive to lie or be untruthful about any aspect of their testimony.

Ms. Conley-Reifer seeks disclosure of all evidence of any witness's narcotic addiction, use, misuse, or abuse, treatment thereof, any psychological or psychiatric treatment, and other evidence bearing on competency. *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Fowler*, 465 F.2d 64 (D.C. Cir. 1972). This includes other types of misconduct, notably, drug use and dealing. *See, e.g.*, *United States v. Boyd*, 55 F.3d 239, 243-45 (7th Cir. 1995) (noting failure to disclose drug use and dealing by prosecution witness, and "continuous stream of unlawful favors," including phone privileges, presents, special visitors, provided by prosecution to witnesses is *Brady* violation).

## C. Specific Requests for Information Regarding a Witness's Cooperation

A witness's cooperation, and agreements and deals with such witness is *Brady* material. *See, e.g., Giglio*, 405 U.S. at 154 (finding failure to disclose promise of immunity in exchange for testimony violates *Brady*); *Singh v. Prunty*, 142 F.3d 1157, 1161-63 (9th Cir. 1998) (finding failure to disclose that witness had a deal with government to avoid a serious charge is *Brady* violation). Ms. Conley-Reifer seeks such evidence sufficiently prior to the time the witness testifies so as to afford him time to investigate it and utilize it effectively. *See United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (impeachment evidence must be provided in time for its effective use at trial).

5

Ms. Conley-Reifer therefore seeks disclosure of any and all promises or representations (and any writing or record thereof), innuendo, whether formal or informal, non-monetary assistance made to a government witness, including, but not limited to, immunity, preferential treatment, leniency, payments or promises of payments (in money or in kind), in this or other cases. *See Giglio, supra*; *United States v. Bagley*, 473 U.S. 667, 676, 682 (1985) (stating failure to disclose payment of $300 to two witnesses violates *Brady*); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975). This information is material because the defense is allowed to argue that the witness's testimony is untrue or should be discredited because the government has offered something of value in exchange for the testimony. This, of course, is something only the prosecution could do.

### D. Specific Requests for Impeachment Material

Ms. Conley-Reifer seeks disclosure of any and all prior statements made by any prosecution witness, including potential witnesses that may not be called to testify, which is contrary to, or tends to cast doubt on the accuracy of, the expected testimony of the witness. *Giles v. Maryland*, 386 U.S. 66 (1967). This request includes prosecutor and law enforcement notes from interviews with witnesses. *See, e.g.*, *United States v. Pelullo*, 105 F.3d 117, 122-23 (3d Cir. 1997) (finding *Brady* violation for failure to disclose rough notes of FBI and IRS agents corroborating defendant's version of events and impeaching testimony of government agents); *United States v. Service Deli, Inc.*, 151 F.3d 938, 943-44 (9th Cir. 1998) (finding *Brady* obligation to turn over original notes from witness interview that contained three pieces of

impeachment information that showed that witness' story had changed, and change may have been brought about by threats of imprisonment, and witness had claimed to have suffered a stroke). The requested information is material because witnesses may be impeached by their prior inconsistent statements or faulty memory. If no such statements exist, a statement to that effect by the prosecution will suffice.

Ms. Conley-Reifer seeks disclosure of a list of cases and investigations in which any government witness has acted as an informant, cooperating individual, or witness for federal, state, or local law enforcement, including any prior testimony by the witness, and the location and identity of any criminal filings resulting from that cooperation. *See Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975).  This request includes, but is not limited to, any documents, transcripts, motions and other materials and information alleging or evidencing that any witness is unreliable, including claims or evidence of perjury, exaggeration, misstatement, or other dishonesty or untruthfulness on the part of the witness in any files maintained by federal, state, or local law enforcement agencies, or made by defendants or attorneys in other cases, or by government agents, law enforcement officers or attorneys who have worked with the witness in this or other cases. The government cannot avoid its due process responsibilities by arguing the information requested here, if it exists, is in the hands of state or county officials. *See Strickler v. Greene*, 527 U.S. 263 275, n. 12 (1999) (recognizing prosecutor has constructive knowledge of all favorable evidence known to those acting on the government's behalf, even if no actual knowledge of materials, and even if materials are in the file of another jurisdiction's

prosecutor); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (stating "any argument for excusing a prosecutor from disclosing what he does not happen to know boils down to a plea to substitute the police for the prosecutor, and even for the Courts themselves, as the final arbiters of the government's obligation to ensure fair trials"); *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991) (finding prosecutor's failure to learn of, and disclose the witness' local criminal record was *Brady* violation).

Ms. Conley-Reifer seeks disclosure of the criminal records of all prospective prosecution witnesses, and information concerning the acts of any such person that are arguably acts of *crimen falsi*, whether or not those acts resulted in the filing of criminal or civil charges. *See Carriger v. Stewart*, 132 F.3d 463, 480-82 (9th Cir. 1997) (finding failure to obtain or disclose Department of Corrections file that would have showed lengthy criminal history, and history of lying to police and blaming others for his own crimes is *Brady*). This request includes allegations and findings of misconduct by law enforcement witnesses. *See, e.g., United States v. Brooks*, 966 F.2d 1500, 1503-04 (D.C. Cir. 1992) (noting where specific request is made, prosecutor must search personnel records of police officer/witnesses to fulfill *Brady* obligations); *United States v. Muse*, 708 F.2d 513, 516 (10th Cir. 1983) (recognizing that prosecutor must produce *Brady* material in personnel files of government agents even if they are in possession of another agency).

This request includes state and local prosecutions of the witness whether or not such prosecutions appear on the witness' "rap sheet" or other computer data base. *Perdomo*, 929 F.2d 967 (3d Cir**.** 1991) (finding prosecutor's failure to learn of and

disclose the witness' local record was *Brady* violation); *Crivens v. Roth*, 172 F.3d 991, 996-99 (7th Cir. 1999) (finding *Brady* violation for failure to disclose crimes committed by witness even when the witness used aliases).

      For these reasons, Skylar Conley-Reifer respectfully moves this Court to grant her motion for discovery.

                    Respectfully submitted,

                    /s/ *Gabrielle Lee*
                    Gabrielle Lee
                    Assistant Federal Public Defender
                    Attorney I.D. No. 322875