IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-04 |
| | ) | 21-470 |
| SEAN PAUL CONLEY-REIFER | ) | |

**GOVERNMENT'S OMNIBUS RESPONSE TO**
**DEFENDANT'S PRETRIAL MOTIONS**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Michael L. Mitchell, Assistant United States Attorney for said District, and respectfully submits the government's omnibus response to the following motions filed by the defendant: Motion for Discovery; Motion to Provide Notice of Evidence that the Government Intends to use Under Federal Rules of Evidence 404(b) and 609; and, Motion to Preserve Law Enforcement's Rough Notes. In support of its response, the United States submits the following.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

1.  On January 7, 2020, a Grand Jury sitting in the Western District of Pennsylvania returned a two-count Indictment, charging the defendant with two counts of possessing and accessing with the intent to view visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) in criminal case number 20-cr-04. *See* 20-04 Doc. No. 3.

2.  On January 9, 2020, Magistrate Judge Cynthia Reed Eddy arraigned the defendant on the charges in the Indictment. Following the arraignment, pursuant to Local Criminal Rule 16, the government provided the defendant with discovery materials, and a Receipt for Local Criminal Rule 16 Material was filed to document the government's disclosures. *See* 20-04 Doc. No. 20.

3.  On November 10, 2021, a Grand Jury sitting in the Western District of

Pennsylvania returned a one-count Indictment, charging the defendant with one count of receiving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) in criminal case number 21-cr-470. *See* 21-470 Doc. No. 1.

4. On December 28, 2021, Magistrate Judge Lisa Lenihan arraigned the defendant on the charges in the subsequent Indictment.

5. Subsequent to both arraignments, the government has continued to provide the defendant with discovery materials.

6. The Defendant's disclosure motions are helpful reminders of the government's various disclosure obligations. The government has complied with all of its disclosure obligations to date and intends to continue to do so. The government also welcomes the compliance of defense counsel with its own disclosure obligations, including those stated in Federal Rule of Criminal Procedure 16(b), and hereby requests defendant's compliance with those obligations.

## II.   GOVERNING LEGAL STANDARDS

7. The law is well settled that "[c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases." *United States v. Ramos*, 27 F.3d 65, 67-68 (3d Cir. 1994). "In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *Id.*; *accord United States v. Casseus*, 282 F.3d 253, 257 (3d Cir. 2002) (affirming district court's denial of defense request for disclosure and interview of eyewitness/anticipated government trial witness and explaining, "[i]t is clear that a criminal defendant does not have the right to full discovery of the government=s case.").

8.      As the Supreme Court explained in *United States v. Ruiz*, 536 U.S. 622, 629 (2002), the Constitution does <u>not</u> require the government to share "all useful information" with the defendant during discovery. In particular, the government is not required to disclose impeachment material relating to informants or other witnesses, as premature disclosure could "disrupt ongoing investigations," expose prospective witnesses to "serious harm," and would place a substantial burden on the government prior to trial. *Id.* at 631-33.

9.      The United States accepts its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, Local Rule 16C and the Jencks Act, 18 U.S.C. § 3500.

10.     Outside of these statutes, rules, and case law, defendants have no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Those rights conferred by statute, rule, and case law cannot be used to compel the United States to disclose the minutia of its evidence, its trial strategy, or its investigation. *United States v. Fioravanti*, 412 F.2d 407, 411 (3d Cir. 1969); *accord* Fed. R. Crim. P. 16(a)(2), **Information Not Subject to Disclosure** ("Except [as Rule 16(a)(1) provides otherwise], this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.").

11.     Thus, *Brady*, Rule 16, and the Jencks Act should be construed as limits on discovery, within which the trial court may exercise its discretion. *See United States v. Randolph*, 456 F.2d 132, 136 (3d Cir. 1972); *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. at 1393 (citation omitted) (*Brady* is not a discovery device); *United States v. Deerfield Specialty Papers, Inc.*, 501

3

F. Supp. 796, 819 (E.D. Pa. 1980) (pretrial discovery rules are not meant to permit "fishing expeditions"into government case files) (citations omitted); *cf. United States v. Adams*, 759 F.2d 1099, 1111 (3d Cir. 1985) (discovery is within the discretion of the district court); *United States v. Liebert, III*, 519 F.2d 542, 548 (3d Cir. 1975) (defendant=s discovery demands must be reasonable). Further, the United States is always willing, in a spirit of mutual cooperation, to consider and discuss any reasonable request by a defendant.

   1.  **Rule 16**

12.   The United States' obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. That rule requires the government to produce certain categories of information upon request of the defendant: 1) the defendant's statements that are in written or recorded form (including grand jury testimony) and any oral statement given by the defendant to a person then known by the defendant to be a government agent (Rule 16(a)(1)(A) & (B)); 2) the defendant's prior criminal record (Rule 16(a)(1)(D)); 3) all documents and tangible objects within the possession, custody or control of the government which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at the trial, or were obtained from or belong to the defendant (Rule 16(a)(1)(E)); 4) results or reports of physical or mental examinations or other types of scientific tests in the government=s possession which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial (Rule 16(a)(1)(F)); and 5) a written summary of expert testimony the government intends to use during its case-in-chief at trial (Rule 16(a)(1)(G)).

13.   Throughout the pendency of this case, the United States has made ongoing, extensive disclosures of evidence and information. The prosecution has complied with its Federal

Rule of Criminal Procedure 16 discovery obligations by either copying and providing the Rule 16 discovery information to the defendant or otherwise making such information available to the defendant. Further, the prosecution intends to continue to comply with Rule 16 if it obtains additional information subject to disclosure under Rule 16.

### 2. *Brady/Giglio*

14. Under *Brady v. Maryland*, *supra*, and its progeny, the government has the obligation to disclose exculpatory evidence—evidence that is favorable and material to the defense. Strictly speaking, *Brady* "'is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.'" *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984) (citation omitted).

> Exculpatory evidence includes material that goes to the heart of the defendant=s guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness. Evidence impeaching the testimony of a government witness is exculpatory when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence. If the exculpatory evidence "creates a reasonable doubt" as to the defendant=s culpability, it will be held to be material.

*Id.* at 260 (citations omitted). *See also United States v. Bagley*, 473 U.S. 667, 682 (1985) (Evidence is "material" when it is reasonably probable that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different."). *Brady* material must be disclosed "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983); *accord United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

15. It is well settled that disclosure of evidence that may be used to discredit government witnesses, and that is not directly exculpatory as to a defendant's substantive guilt, need not be disclosed in advance. The Third Circuit held in *United States v. Higgs* that disclosure

5

of witness credibility evidence at the time of trial sufficiently ensures a defendant's right to a fair trial:

> No denial of due process occurs if *Brady* material is disclosed to [the defendant] in time for its effective use at trial.... The *Brady* material in this case was information that [the defendant] could use on cross-examination to challenge the credibility of government witnesses. For that type of material, we think [the defendant's] right to a fair trial will be fully protected if disclosure is made the day that the witness testifies. Disclosure at that time will fully allow [the defendant] to effectively use that information to challenge the veracity of the government=s witnesses.

713 F.2d at 44.

16. In *Higgs*, the court specifically rejected the argument "that the requested information might also be used by defense counsel for investigating their case." *Id.* at 43 n.5. The *Higgs* defendants claimed "that knowledge of who the government's witnesses were and how they fit into the alleged conspiracy might lead to other evidence pertinent to the issue of substantive guilt or innocence." *Id.* In addition, the *Higgs* defendants asserted "that the information must be provided before trial to allow them sufficient time to prepare their case." *Id.*

17. The Third Circuit disagreed, holding that the requested information was *not Brady* material when used for that purpose:

> While that information is material for impeachment purposes, names and addresses of witnesses and what they have been promised by the government for their cooperation absent other evidence, sheds little if any light on the underlying question of substantive guilt. Thus that information would not be material under the appropriate [*United States v.*] *Agurs* test [427 U.S. 97 (1976)], and *would not need to be disclosed by the government under Brady.*

*Id.* (emphasis added).

18. The United States readily acknowledges that the relevant case law of the Third Circuit promotes the early disclosure of all *Brady* material, including strictly impeachment evidence at trial. *See Starusko,* 729 F.2d at 261 (reaffirming appellate court's longstanding policy

6

which encourages early production of *Brady* material and leaving undisturbed the district court's discretionary order that delivery of impeachment material two weeks prior to trial was sufficient). Local Criminal Rule 16(C) requires "subject to a continuing duty of disclosure, the government shall notify the defendant of the existence of exculpatory evidence . . . . " The United States affirms that, as Judge McVerry noted in *United States v. Turner*, No. 2:11-cr-197, 2012 WL 832884, at *2 (W.D. Pa. Mar. 12, 2012), it takes its "obligation[s] seriously and will faithfully discharge its duty without 'tacking too close to the wind.'" (quoting *Kyles v. Whitley*, 514 U.S. 419, 439, (1995)).

### 3. Jencks Act and Rule 26.2

19. The Jencks Act, 18 U.S.C. § 3500, requires the government to provide the defense with statements of witnesses that the government intends to call at trial. The Jencks Act protects discovery of such witnesses' statements, however, "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). *See also United States v. Ramos*, 27 F.3d at 68; *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979); *United States v. Horsley*, 621 F. Supp. 1060, 1067-68 (W.D. Pa. 1985), *aff=d*, 831 F.2d 286 (3d Cir. 1987); *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1393 (W.D. Pa. 1983).

20. Similarly, Rule 26.2 of the Federal Rules of Criminal Procedure provides that "[a]fter a witness other than the defendant has testified on direct examination," the court can order the United States "to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a).

21. In addition to the fact that the law does not support early production, there are practical considerations that weigh against such early disclosure. It is not unheard of, nor even

7

unusual, for a trial and/or a hearing to be postponed or delayed for any number of reasons. Accordingly, in this case, the government's intended early disclosure of Jencks material goes beyond the dictates of the law. *See United States v. Mitchell*, 540 F.2d 1163, 1166 (3d Cir. 1976) (It is well established that "the [criminal] discovery rules do not permit the defense to get the names of witnesses."); *accord Casseus*, 282 F.3d at 257 (affirming district court's refusal to order pretrial discovery of the government's witness list; "a criminal defendant does not have the right to full discovery of the government's case"); *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1972) ("in no event is the government required to divulge the identity of its witnesses in a noncapital case"). *See also United States v. DiPasquale*, 740 F.2d 1282, 1294 (3d Cir. 1984); *Government of the Virgin Islands v. Ventura,* 476 F.2d 780, 781 n.1 (3d Cir. 1973).

### III.     GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY MOTIONS

#### A.     Defendant's Motion for Additional Discovery (20-04 Doc. No. 82; 21-470 Doc. No. 44)

22.     The first request that Defendant makes is a specific request for the "Full AT&T Admin Subpoena Return." The government has attempted to comply with Defendant's specific request for the "Full AT&T Admin Subpoena Return." The government has offered to review the full return with defense counsel in office due to the voluminous size of the return. The government does note that it is unable to provide the defense with any IP logs from AT&T as no IP logs were, or are able to be, provided by AT&T.

23.     The Defendant has also included a premature request for Exculpatory and Impeachment Evidence and Witness Cooperation Information. The government understands and accepts its *Brady/Jencks/Giglio* obligations. The government is not aware of any undisclosed exculpatory *Brady* material pertaining to the defendant at this time but recognizes its continuing obligation to disclose such materials when the government becomes aware of them. The

prosecution intends to provide whatever *Brady/Jencks/Giglio* information that may exist, and that has not already been disclosed, sufficiently in advance of trial such that defendant will be able to make effective use of it. As explained above, defendant is not entitled to Jencks Act material at this early juncture. The government, therefore, respectfully requests that the Court deny defendant's motion requesting the production of such materials. The government also acknowledges, however, that a strict adherence to the dictates of the Jencks Act and/or Rule 26.2(a) could cause delay at trial. Therefore, with the permission of the Court, the government will voluntarily disclose the Jencks Act material that it possesses five calendar days prior to the commencement of trial.  To the extent that production of any of the other items requested by Defendant is required by the Constitution, state, rule, or controlling case law, the government is aware of its obligations pursuant thereto, and has already produced, or will produce in a timely manner, all of those items of discovery. The government has complied with its Federal Rule of Criminal Procedure Rule 16 discovery obligations by either copying and providing the Rule 16 discovery information to Defendant through counsel or otherwise making such information available. To the extent defendant's motion requests Rule 16 discovery material, the request should be denied as moot because Rule 16 has been and will continue to be complied with. To the extent defendant's motion requests information beyond Rule 16, such as *Jencks*/*Giglio* material, and cooperation information, the request should be denied as premature.

**B.     Defendant's Motion to Require Retention of Rough Notes and to Preserve Other Evidence (Doc. No. 42 and 81)**

24.     The defendant requests that the Court order the retention and preservation of "all rough notes and writings" of "government agents and state and local law enforcement officers who

participated in the investigation of this case and the arrest and questioning of Ms. Conley-Reifer." *See* Doc. No. 42 and 81.

25. With respect to the defendant's request for the preservation of agents' rough notes, the government is aware of its obligations under *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983), *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977), and *Ramos*, 27 F.3d at 68. These cases require the government's agents to preserve rough notes created during an investigation. The government, therefore, has no objection to the defendant's request for preservation of the rough notes of the federal agents and task force officers involved with this case.

26. The government has requested that the federal and state agents involved in this case retain copies of any notes they have taken.

C. **Defendant's Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence and Federal Rule of Evidence 609 and for Pretrial Production of Such Evidence (Doc. No. 50)**

27. In their Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609, the defendant asks the Court to compel the notice of evidence that the government intends to introduce pursuant to Federal Rule of Evidence 404(b) and 609 at least 30-days prior to trial. *See* Doc. No. 43 and 80.

Federal Rule of Evidence 404(b) provides,

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive,

> opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> (A)     provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B)     do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

28.     In *Huddleston v. United States*, the Supreme Court set forth a four-part test for determining the admissibility of Rule 404(b) evidence. 485 U.S. 681, 691-92 (1988). To determine the admissibility of Rule 404(b) evidence, a district court must analyze whether the evidence:

> (1) has a proper evidentiary purpose under Rule 404(b); (2) is relevant under Rule 402; (3) is of such probative value as to outweigh the prejudice to the defendant as required by Rule 403; and (4) is accompanied by a proper limiting instruction.

*United States v. Smith*, 725 F.3d 340, 344 (3d Cir. 2013) (citing *Huddleston*, 485 U.S. at 691). For use of such evidence at trial, Rule 404(b)(2)(A) requires only that the government provide reasonable notice of the general nature of any such evidence that the government intends to offer. *See United States v. Grier*, No. 2:12-cr-161, 2012 WL 5614087, at *7 (W.D.Pa. Nov. 15, 2012) (Rule 404(b) only requires reasonable notice).

29.     Rule 609 of the Federal Rules of Criminal Procedure has no notice requirement built into the rule, unless the underlying conviction is more than 10 years old. The government has previously provided the defense with the Defendant's criminal history. *See* 20-04 Doc. No. 20.

30.     The government is aware of its obligation to provide the defendant with reasonable notice of any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b), and will provide the defendant with notice of any such evidence in a timely manner prior to trial. A trial date has

11

not yet been scheduled in this matter. The government, therefore, is under no obligation to provide the defendant with Rule 404(b) notice at this early stage, and the government respectfully requests, that the Court deny the defendant's request for Rule 404(b) notice to be issued 30 days prior to trial as the motion is premature. The government also requests that the request for Rule 609 be denied as the motion is premature.

## IV.   CONCLUSION

31.   For all the foregoing reasons, the government respectfully requests that the Court deny the defendant's Motion for Discovery (Doc. No. 44 and 82); and Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (Doc. No. 43 and 80). With respect to the defendant's Motion to Require Retention of Rough Notes and to Preserve Other Evidence (Doc. No. 42 and 81), the government respectfully does not oppose an order requiring the preservation of these notes, as is typically requested.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

By:   /s/ Michael L. Mitchell
MICHAEL L. MITCHELL
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
IL ID No. 6324363